UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAYE O'HANNESON, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-00538-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 43] |

  Plaintiff Tracy Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  Now pending before the Court is Plaintiff's third motion for the appointment of counsel, filed May 5, 2014. (ECF No. 43.) Plaintiff previously filed two motions for the appointment of counsel, both were denied as the Court found neither the interests of justice nor exceptional circumstances to warranted the appointment of counsel in this case. (ECF Nos. 26, 41.)

  This action is proceeding against Defendants Shaye O'Hanneson, Rene Duran, and Howard Smith for excessive force in violation of the Eighth Amendment. Defendants filed an answer to the complaint on November 12, 2013. On November 22, 2013, the Court issued a discovery and scheduling order, setting the discovery deadline cut-off date of July 22, 2014, and the dispositive motion deadline of October 2, 2014. (ECF No. 36.)

In the present motion for appointment of counsel, Plaintiff contends that he "has come across a particular problem that he cannot handle by himself." (ECF No. 43, at 1.) Plaintiff submits that "evidence exist[s] that will prove each element of Plaintiff[']s claim but he is unable to obtain the evidence because it is beyond his capabilities to do so." (Id. at 2.)  Plaintiff references a videotape interview of himself and a copy of the trial transcripts of the criminal proceedings in the Kern County Superior Court in which Defendants O'Hanneson and Duran testified against Plaintiff.

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  The Court previously denied Plaintiff's requests and nothing has substantially changed in this case since that time to change the Court's analysis.  Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his allegations in the complaint.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert

testimony.")  Thus, the Court finds that Plaintiff's arguments, without supporting documentation, regarding his ability to obtain discovery are not exceptional circumstances warranting the appointment of counsel at this time.  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 6, 2014**

UNITED STATES MAGISTRATE JUDGE