UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>            Plaintiff,<br><br>       v.<br><br>SHAYE O'HANNESON, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-00538-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 44] |

Plaintiff Tracy Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Shaye Ohanneson, Rene Duran, and Howard Smith for excessive force in violation of the Eighth Amendment. Defendants filed an answer to the complaint on November 12, 2013, and a discovery and scheduling order was issued on November 22, 2013.

On May 5, 2014, Plaintiff filed a motion to compel. Defendant filed an opposition on May 27, 2014, and Plaintiff filed a reply on June 9, 2014.

///

///

## II.

## DISCUSSION

**A.   Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 37, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

1.    Requests for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL

3

1    309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir.
2    1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.
3    Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal.
4    Mar. 19, 2010).

5        In responding to discovery requests, a reasonable inquiry must be made, and if no responsive
6    documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with
7    sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and
8    exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3
9    (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party claims lack of
10   possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1)
11   to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit
12   of that response.  Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at
13   *3-4 (E.D. Cal. Mar. 19, 2010).

14       2.    Request for Plaintiff's Videotaped Interview

15       Plaintiff seeks to compel Defendants to provide a copy of a videotaped interview of Plaintiff
16   which was conducted shortly after the incident subject to the suit that is stored electronically on DVD.

17   **Defendants' Objection:**

18   Defendants object because Plaintiff never requested the videotape DVD prior to filing the
19   instant motion to compel.

20   **Plaintiff's Response to Objection:**

21   Plaintiff contends that video interference was included by reference in his Request for
22   Production of Documents Numbers 1, 2 and 5.

23   **Ruling:**

24   Plaintiff's motion to compel is denied.  Under Rule 34 of the Federal Rules of Civil Procedure,
25   a request for the production of documents is sufficient if the documents or things to be produced are
26   described by item or category with "reasonable particularity" in the request.  Fed. R. Civ. P.
27   34(b)(1)(A).  "The test for reasonable particularity is whether the request places a party upon
28   'reasonable notice of what is called for and what is not.'"  Bruggeman v. Blagojevich, 219 F.R.D. 430,

Case 1:11-cv-00538-SAB   Document 50   Filed 06/13/14   Page 5 of 12

436 (N.D Ill. 2004); see also Regan-Touhy v. Walgreen Co., 526 F.3d 641, 649-650 (10th Cir. 2008) ("[A] discovery request should be sufficiently definite and limited in scope that it can be said 'to apprise a person of ordinary intelligence what documents are required and [to enable] the court … to ascertain whether the requested documents have been produced.'").

In Request for Production Number One, Plaintiff requested "Any and all grievances, complaint[]s, or other documents received by prison staff Ohanneson, Duran, Smith or their agents at Kern Valley State Prison concerning the use of force on inmates by Defendants Ohanneson, Duran, and Smith, and any memoranda, investigative files, or other documents created in response to such complaints since their employment at Kern Valley State Prison, on January 1, 2006."

In Request for Production Number Two, Plaintiff requested "Any and all document[]s written by prison administrators at Kern Valley State Prison against Defendants Ohanneson, Duran, and or Smith for the mis[use] of force against inmates and any memoranda, investigative files, or other document[]s created to such violation, since January 1, 2006."

In Request for Production Number Five, Plaintiff requested "Any and all documents, including but not limited to adverse personnel action package for the misuse of force, created by an employee of the California Department of Corrections and Rehabilitation involving Defendants Ohanneson, Duran, or Smith for [t]he use of force on a prisoner, or any investigation or action concerning that incident."

Contrary to Plaintiff's contention in his reply, a copy of the videotape interview was not requested with "reasonable particularity" in the Request for Documents propounded by Plaintiff (see Plaintiff's Exhibit B) and was not referenced by Plaintiff in his letter correspondence to defense counsel (see Plaintiff's Exhibit C). Accordingly, Plaintiff cannot seek by way of motion to compel a document that was never requested prior in the course of discovery, and Plaintiff's motion to compel is denied.

3. Request for Transcripts of Defendants' Testimony at Plaintiff's Criminal Trial

Plaintiff seeks to compel Defendants to produce copies of court transcripts of their testimony at his criminal trial on charges stemming from his conduct during the subject incident.

5

**Response:** Defendants stated they were unable to comply because upon a diligent search and reasonable inquiry the responsive documents, if any exist, have never been in their possession, custody or control. Defendants are only required to produce documents in their custody, possession, or control.

Plaintiff contends that as a pro se litigant he has no way to obtain the transcripts on his own. However, court proceedings such as his criminal trial are public record. Thus, as Plaintiff was the defendant in his criminal trial, he could presumably apply to the Court for a subpoena to issue to any third party that may have any such transcripts.

**Ruling:** Plaintiff's motion to compel is denied. Even if such testimony did exist, Defendant is not required to obtain transcripts at Defendants' expense. See Fed. R. Civ. P. 34(a)(1) (producing party is to produce relevant documents for requesting party to "inspect, copy, test, or sample"). In addition, Plaintiff may seek a copy of the criminal transcripts by way of subpoena to a third party or application to the appropriate court for such copy, along with any costs associated with production, and a request that causes defendants' counsel to act as Plaintiff's "litigation assistant" is overly burdensome and not required under the law. See Woodall v. California, No. 1:08-CV-019848-OWW-DLB PC, 2011 WL 240717, *1 (E.D. Cal. Jan. 24, 2011).[1]

4.   Request for Documentation Regarding Defendants' Use of Force on Other Inmates

Defendants initially object on the ground that Plaintiff's motion to compel is procedurally defective because it fails to identify each specific discovery request and response at issue. Defendants contend that although Plaintiff attaches the entire Request for Production of Documents and Defendants' responses thereto as exhibits to his motion, Petitioner only identifies Request Number 1 in his supporting brief. Defendants thus argue the motion is limited to review of Request Number One. However, Defendants address all of Plaintiff's requests in the event the Court disagrees with their reasoning.

//

---

[1] Defendants are reminded that should they proffer these transcripts later during the course of this action, they will be required to supplement their responses to Plaintiff's discovery requests, and produce proof of the method by which this document was obtained. See Fed. R. Civ. P. 37(c)(1).

**a.     Request for Production Number One:**

"Any and all grievance, complaints, or other documents received by the defendants or their agents at Kern Valley State Prison concerning the mistreatment of prisoners by defendants Ohanneson and Duran and any memoranda, investigative files or other documents created in response to such documents since January 1, 2006."

**Response:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter; compound; seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; seeks character evidence which is inadmissible; call for documents including and/or evidencing the records of other inmates, and as such is protected by such inmates' rights of privacy; this request seeks documents contained in Defendants' personnel file and therefore privileged and confidential, and seeks documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043.  The request also seeks documents that may contain confidential and private information about other inmates' safety issues, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' right to privacy and confidentiality.[2]

**Ruling:**

Although Plaintiff's request is overbroad, Plaintiff's motion to compel is denied, without prejudice, subject to a properly phrased request as it must be specifically tailored to documents pertaining to Plaintiff's claim of excessive force.  Defendant' other objections to this request are overruled.  As to Defendants' objection on privacy grounds, "[a]lthough the court may, of course, take into account legitimate privacy interests that might be implicated in the disclosure of documents and

---

[2] Defendants are cautioned against making "boilerplate" objections.  "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999); see also Marti v. Baires, No. 1:08-cv-00653-AWI-SKO (PC), 2012 WL 2029720, *5-6 (E.D. Cal. 2012) (reliance on boilerplate objections is an abuse of the discovery process).  For example, it is inadequate to merely state that an interrogatory is overly broad, burdensome, oppressive, or irrelevant.  Id.

information, privacy concerns are not absolute; they must be weighed against other competing interests. Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2005). As recognized in Ramirez,

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers. The privacy interest in this kind of professional record is not substantial, because it is not the kind of "highly personal" information warranting constitutional safeguard. The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.

Id. "Complaints against officers … may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias." See Taylor v. Los Angeles Police Department, No. EDCV99-0383-RT(RCX), 1999 WL 33101661, *4 (C.D. Cal. 1999). Further, complaints and/or disciplinary action "may help establish a pattern or practice … where professional conduct is called into question. Further, such documents would bear upon . . . [a defendant's] notice of … previous alleged misconduct." Ramirez, 231 F.R.D. at 412.

Moreover, admissibility of character evidence is a proper objection to be raised at trial, but not necessarily in the discovery phase. However, even at trial, evidence that would be inadmissible to prove one's character, may be admissible for other purposes. Plaintiff may obtain information relevant to the subject matter in the pending action against each Defendant.

Defendants may tailor their production to include only documents regarding allegations brought against them, within the five years preceding the events in question in this action, by others to claims similar to the excessive force claim upon which Plaintiff proceeds in this action. In addition, although some requests, even if rephrased may touch on private domains, the Court will consider such objection if and when Plaintiff files a second motion to compel.

    b.    **Request for Production Number Two:**

"Any and all document's written by prison administrator[]s at Kern Valley State Prison against Defendants Ohanneson, Duran, and or Smith for the misuse of force against inmates and any memorandum, investigative files, or other document[]s created to such violation, since January 1, 2006."

8

**Response:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter; compound; seeks irrelevant information not reasonably calculated to lead to discovery of admissible evidence; seeks character evidence which is inadmissible; calls for documents including and/or evidencing the records of other inmates, and as such is protected by such inmates' rights of privacy; this request seeks documents contained in Defendants' personnel file and therefore privileged and confidential, and seeks documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043. The request also seeks documents that may contain confidential and private information about other inmates' safety issues, custody classifications, and other sensitive information, the disclosure of which create a hazard to the safety and security of the institution and violates the inmate's rights to privacy and confidentiality.

**Ruling:**

For the same reasons set forth in subsection a, Plaintiff's motion to compel is denied, without prejudice.

c.      **Request for Production Number Three:**

"State the names, titles, and duties of all prison administrators who have written up Defendants Ohanneson, Duran, or Smith for misuse of force against a prisoner."

**Response:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter; compound; seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; seeks character evidence which is inadmissible; calls for documents including and/or evidencing the records of other inmates, and as such is protected by such inmates' right to privacy; this request seeks documents contained in Defendants' personnel file and therefore privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043. The request also seeks issues, custody classifications and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates'

rights to privacy and confidentiality. This request is vague, ambiguous and uncertain in its reference to "written up Defendants."

**Ruling:**

Although Plaintiff's request is vague as to "written up," Plaintiff's motion to compel is denied, without prejudice, subject to a properly phrased request as it must be specifically tailored to documents pertaining to Plaintiff's claim of excessive force. Defendant' additional objections to this request are overruled.

**d.    Request for Production Number Four:**

"All California Department of Corrections and Rehabilitation Forms 114-D's and 115's written up by Defendant's Ohanneson, Duran, or Smith against prisoner for aggravated battery on a peace officer, or any other rules violation concerning resisting or force used by prisoners against Ohanneson, Duran, or Smith, they claim to have happen."

**Response:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter; compound; seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; seeks character evidence which is inadmissible; calls for documents including and/or evidencing the records of other inmates, and as such is protected by such inmates' rights of privacy; this request seeks documents contained in Defendants' personnel file and therefore privileged and confidential, and seeks documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043. The request also seeks documents that may contain confidential and private information about other inmates' safety issues, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violate the inmates' right to privacy and confidentiality.

**Ruling:**

 For the same reasons set forth in subsection a., Plaintiff's motion to compel is denied, without prejudice.

///

10

    **e.**    **Request for Production Number Five:**

"Any and all documents, including but not limited to adverse personnel action package for the misuse of force, created by an employee of the California Department of Corrections and Rehabilitation involving Defendants Ohanneson, Duran, or Smith for the use of force on a prisoner, or any investigation or action concerning that incident."

**Response:**

Defendants object to this request on the grounds that it is overly broad as to time and subject matter; compound; seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence; seeks character evidence which is inadmissible; calls for documents including and/or evidencing the records of other inmates, and as such is protected by such inmates' rights of privacy; this request seeks documents contained in Defendants' personnel file and therefore privileged and confidential, and seeks documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, 1043. The request also seeks documents that may contain confidential and private information about other inmates' safety issues, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality.

**Ruling:**

For the same reasons set forth in subsection a., Plaintiff's motion to compel is denied, without prejudice.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff motion to compel a further response to his request for production of the video tape interview is DENIED;
2. Plaintiff's motion to compel a further response to his request for the production of a copy of the transcript of his criminal trial is DENIED; and

11

    3.    Plaintiff's motion to compel a further response to his requests for production of documents of defendants' use of force is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**June 13, 2014**__

UNITED STATES MAGISTRATE JUDGE