UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHAYE O'HANNESON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-00538-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM<br><br>[ECF No. 54] |

　　　　Plaintiff Tracy Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On July 3, 2014, Plaintiff filed a motion for subpoena duces tecum. Plaintiff requests the Court issues subpoenas: 1) to be served on the warden of Kern Valley State Prison (KVSP) to obtain a copy of the DVD of a videotaped interview of Plaintiff conducted on August 28, 2009; and 2) to be served on the clerk of the California Superior Court, County of Kern, to obtain transcripts of Defendant Ohanneson and Duran's testimony in the trial of the case involving criminal charges against Plaintiff relating to his conduct that is the subject of excessive force in the instant action.

　　　　Defendants filed an opposition on July 14, 2014, and only oppose the first matter regarding the subpoena for the DVD of Plaintiff's interview.

///

///

1

# I.

# DISCUSSION

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d).  However, the Court will consider granting such request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things.  Fed. R. Civ. P. 34.

### A.   Request for Subpoena Dues Tecum as to DVD

Plaintiff's current motion requests that a subpoena issue for the DVD of his videotaped interview on the grounds that it is not in the possession or control of Defendants.  Plaintiff is incorrect.

Plaintiff previously sought a copy of the DVD by way of a motion to compel.  In opposition to the motion to compel, Defendants acknowledged that they had a copy of the DVD, but contended the request should be denied because Plaintiff had not requested it through discovery.

On June 13, 2014, the Court denied Plaintiff's motion to compel the production of the DVD on the grounds that Plaintiff had not requested it with "reasonable particularity" in the Requests for Production of Documents he had prounded on them.  (ECF No. 50, Order, at 4-5.)

After the motion was denied, Plaintiff served Defendants with a supplemental request for production of documents.  (ECF No. 57, Ex. A.)  In the request for production number on, Plaintiff seeks a copy of the DVD of the videotaped interview.  Defendants' response was due by August 5, 2014, and Defendants submit that they will provide Plaintiff with a copy of the DVD in response to the request, despite its untimeliness.[1]

Accordingly, because Defendants have the DVD and have agreed to provide a copy to Plaintiff, Plaintiff's instant motion for issuance of a subpoena duces tecum to KVSP's Warden is DENIED as MOOT.

---

[1] Pursuant to the Court's discovery and scheduling order, the deadline for completion of all discovery was July 22, 2014. (ECF No. 36.)  Despite the untimeliness of Plaintiff's request, Defendants submit that "in the spirit of fairness and good faith, where [Plaintiff] may have believed he had requested it previously, Defendants will not object and refuse to produce the DVD on the grounds that discovery is now closed, and instead, will produce it."  (ECF No. 57, Opp'n at 2 n. 1.)

### B. Request for Copy of Transcript in Criminal Case

Plaintiff's motion requests that a subpoena issue on the clerk of the California Superior Court, County of Kern, to obtain a copy of the transcripts of Defendant Ohanneson and Duran's testimony in the trial of the case involving criminal charges against Plaintiff relating to the claim of excessive force in this action.

Plaintiff's request for a subpoena duces tecum to issue on the clerk of the California Superior Court, County of Kern must be DENIED. Presumably as Plaintiff indicates he was a party in the prior criminal case and such information is public record, he can apply to the Court for a copy of the transcripts along with any costs associated with production, and there is no basis for the issuance of a subpoena duces tecum for a copy of such transcripts for use in the present civil action. Thus, Plaintiff must attempt to obtain the court documents himself, and neither the Court nor Defendants are required to obtain the transcripts of Plaintiff's criminal trial.[2]

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion for issuance of subpoena duces tecum is DENIED.

IT IS SO ORDERED.

Dated:   **September 24, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[2] In their response to Plaintiff's previous motion to compel, Defendants stated that after a diligent search and reasonable inquiry, the transcript has never been in their possession, custody, or control. In ruling on Plaintiff's motion to compel, the Court reminded Defendants "that should they proffer these transcripts later during the course of this action, they will be required to supplement their responses to Plaintiff's discovery requests, and produce proof of the method by which this document was obtained." (ECF No. 50, Order at 6, n.1).