1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **EASTERN DISTRICT OF CALIFORNIA**
10

11  TRACY TAYLOR,                          )  Case No.: 1:11-cv-00538-SAB (PC)
                                           )
12              Plaintiff,                 )
                                           )  ORDER DENYING PLAINTIFF'S
13      v.                                 )  FOURTH MOTION FOR APPOINTMENT
                                           )  OF COUNSEL
14  SHAYE O'HANNESON, et al.,              )
                                           )  [ECF No. 79]
15              Defendants.                )
                                           )
16  _____)

17          Plaintiff Tracy Taylor is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19          On March 16, 2015, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 79.)

20  Plaintiff has previously requested counsel on three separate occasions, all of which were denied.  (ECF

21  Nos. 25, 26, 40, 41, 43, 45.)

22          As Plaintiff has previously been advised, there is no constitutional right to appointed counsel in

23  this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any

24  attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

25  Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

26  circumstances the court may request the voluntary assistance of counsel pursuant to section

27  1915(e)(1).  Rand, 113 F.3d at 1525.

28  ///

                                                    1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of excessive force and the legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in his various filings in this action.  Plaintiff's claim that he is unable to afford legal and counsel and he has been granted in forma pauper status, does not alone entitled him to appointment counsel.  In addition, Plaintiff's claim of limited of access to law library does not warrant exceptional circumstances.

While a pro se litigant may be better serve d with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, Plaintiff motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2015**

UNITED STATES MAGISTRATE JUDGE