UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>            Plaintiff,<br><br>      v.<br><br>SHAYE OHANNESON, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-00538-SAB (PC)<br><br>ORDER REGARDING PARTIES' MOTIONS IN LIMINE, PLAINTIFF'S MOTION TO ADMIT ADDITIONAL EXHIBITS, PLAINTIFF'S MOTION FOR RECORDS, AND DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>[ECF Nos. 90, 94, 95, 96, 102] |

Plaintiff Tracy Taylor is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Ohanneson, Duran and Smith for excessive force in violation of the Eighth Amendment.

This matter is set for jury trial on October 26, 2015, at 8:30 a.m. before the undersigned.

On September 14, 2015, Defendants filed motions in limine. (ECF No. 90)

On September 25, 2015, Plaintiff filed motions in limine, motion to admit additional exhibits, and motion for records under Federal Rule of Evidence 404(b). (ECF Nos. 94, 95, 96.) Defendants filed an opposition to Plaintiff's motions in limine on September 29, 2015. (ECF No. 103.) On October 9, 2015, Defendants filed an opposition to Plaintiff's motion for records under Rule 404(b). (ECF No. 108.)

///

1

On September 28, 2015, Defendants filed a motion for extension of time nunc pro tunc regarding the disclosure of expert witness William Adams. (ECF No. 102.)

On October 13, 2015, the Court held a telephonic hearing on the parties' motions in limine hearing, and Deputy Attorney General, James Mathison and Supervising Deputy Attorney, Tracy Hendrickson appeared on behalf of Defendants, and Plaintiff appeared pro se.

## II.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## III.

## MOTIONS IN LIMINE

**A.   Plaintiff's Motions in Limine**

1.   <u>Untimeliness</u>

As an initial matter, Defendants oppose all of Plaintiff's motions in limine on the grounds that they are untimely. Pursuant to the Court's pretrial order, motions in limine were to be served and filed by September 15, 2015. Plaintiff's motions were on September 19, 2015, with application of the mailbox rule. Therefore, Plaintiff's motions were not timely served or filed, however, given Plaintiff's incarceration and pro per status and the lack of prejudice to Defendants, the Court will exercise its discretion and excuse the untimeliness in this instance.

///

2. <u>Exclusion of Employees of California Department of Corrections and Rehabilitation (CDCR)</u>

Plaintiff seeks to exclude employees of the CDCR, and their relatives, from the jury pool. There is no basis to grant this request on an in limine ground. The mere fact that a prospective juror is employed by CDCR does not mean that person should automatically be excluded for cause. Rather, challenges to the jury pool shall be made on an individual juror basis during the jury selection process.

**Ruling:** Plaintiff's motion is DENIED as there is no legal authority to support such request and this issue will be addressed during voir dire of the prospective jurors.

3. <u>Plaintiff's Criminal Conviction and/or Disciplinary Violations</u>

Plaintiff seeks a hearing to limit testimony and commentary regarding his criminal convictions and disciplinary violations. Plaintiff does not identify a particular criminal conviction or disciplinary violation.

However, Defendants submit that in February 1989, Plaintiff was convicted of first degree murder, for which he is no serving 25 years to life. In April of 1989, Plaintiff pled guilty to escape with use of force and was sentenced to two years. (ECF No. 103, Ex. A, Abstract of Judgment.) In the upcoming trial, Defendants do not intend to ask Plaintiff about the underlying facts of these crimes. Rather, Defendants will ask Plaintiff about the fact that he is a convicted felon, the names of his conviction offenses, and the length of his incarceration. Defendants submit that this inquiry bears directly on Plaintiff's credibility, and such questioning is allowed by the Federal Rules of Evidence.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction. Fed. R. Evid. 609(b).

**Ruling:** Plaintiff's motion is denied in part and granted in part. If Plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff's testimony. However, Defendants are limited to referencing only the fact that Plaintiff has suffered prior felony convictions and the length of his sentences. Defendants may elicit testimony

about the length of Plaintiff's incarceration to contend that Plaintiff has no incentive to tell the truth. The jury is entitled to hear such evidence to determine Plaintiff's trustworthiness and veracity. Fed. R. Evid. 403, 609(b).

4. <u>Communication of Witnesses</u>

Plaintiff seeks an order from the Court to order all witnesses not to talk or otherwise communicate with each other or others, except the Deputy Attorney General, until the completion of the trial regarding the matters pertaining to their testimony.

Defendants oppose Plaintiff's motion as there is no authority presented to support such request.

**Ruling:** Plaintiff's motion is DENIED as there is no authority to support his request.

5. <u>Exclusion of Plaintiff's Central File</u>

Plaintiff seeks to exclude his "whole central file." Plaintiff contends that the documents within his central file should be considered individually as to its admissibility at trial.

Defendants submit that they do not seek admission of the central file in its entirety and do not object to the Court ordering that they may not do so. Defendants agree with Plaintiff's position of considering the admissibility of particular documents within Plaintiff's central file on a document-specific basis, to be done during trial.

**Ruling:** Plaintiff's motion is GRANTED, to the extent that Plaintiff's "entire" central file will not be deemed admitted at trial and the admissibility of each document within the file will be determined on document-specific basis during trial.

6. <u>Exclusion of Expert Witness Testimony by William Adams</u>

Plaintiff seeks to exclude the expert witness opinion testimony of William Adams. Plaintiff makes note that Mr. Adams' identity as an expert witness and his expert report were provided to Plaintiff after discovery was over.

Defendants acknowledge the late discovery of the identity of expert William Adams. Defendants submit however that there is no requirement for them to have disclosed Mr. Adams as an expert witness before the close of discovery.

///

4

Defendants have filed a motion for an extension of time nunc pro tunc regarding the disclosure of expert witness William Adams. (ECF No. 102.) In support of their motion, defense counsel declares as follows:

> In early September, 2015, I began preparing Defendants' Pretrial Statement. It was at this time that I first confirmed the witnesses who would testify in Defendants case at trial, including expert witness William Adams. In Defendants' Pretrial Statement I listed Mr. Adams as an expert witness who would testify on behalf of Defendants, and provide opinion testimony on use of force policies and procedures. (ECF No. 86 at 8.) Defendants' Pretrial Statement and Expert Witness Disclosure as to Mr. Adams (ECF No. 86-1) were filed and served on Plaintiff on September 3, 2015.
> On September 8, 2015, I received Mr. Adams' expert report. A Disclosure of Expert Report, and the report itself, were filed and served on Plaintiff on September 9, 2015. (ECF No. 87, 87-1.)
>
> On September 11, 2015, the Court held a Pretrial Conference. At this conference, I raised the issue of Mr. Adams as Defendants' expert witness, and requested that his report, which had not been listed as a trial exhibit in Defendants' Pretrial Statement, be so listed, as Defendants intended to use it as an exhibit at trial. I informed the Court that the report had recently been served on Plaintiff. Plaintiff stated he had no objection to this request. The Court granted the request, and ordered Defendants to file a supplement to their Pretrial Statement, listing the report as a trial exhibit. Defendants filed this supplement the same day. (ECF No. 89.)
>
> On September 15, 2015, the Court issued its Pretrial Order. (ECF No. 91.) The Order lists Mr. Adams as an expert witness for Defendants and lists his report as a trial exhibit for Defendants.
>
> Based on the above-described events, I believed that Mr. Adams would be permitted to testify at trial, and that his report was permitted to be used as a trial exhibit. Plaintiff has now recently filed an objection to Mr. Adams' testimony and the use of his report at trial (ECF No. 98), and a motion in limine to exclude his testimony (ECF No. 95 at 2). In these documents Plaintiff objects to Mr. Adams' report and testimony, as submitted late and after discovery was over.
>
> Plaintiff's objections assert that Mr. Adams' testimony and report should have been disclosed during discovery, and that Plaintiff as a pro se litigant does not have the capability to depose Mr. Adams as authorized under Fed. R. Civ. P. 26(b)(4)(A). While these objections do not appear to have merit, I have determined that Defendants' disclosure of Mr. Adams and his report was untimely under Fed. R. Civ. P. 26(a)(2)(D), which requires disclosure at least 90 days before trial, absent a court order. In this case trial is set for October 26, 2015, so that a deadline of 90 days before trial was July 28, 2015. On or before July 28, 2015, I had not determined, and did not know who would be, Defendants' witnesses at trial. I was working under the deadlines and requirements set by the Court in its Trial Scheduling Order, and overlooked the potential application of Rule 26(a)(2)(D), which effectively requires an identification and disclosure of

experts earlier than the time for preparation and filing of Defendants' Pretrial Statement. Because of this, Defendants' disclosure of Mr. Adams as an expert witness made 54 days before trial, and disclosure of his expert report was made 48 days before trial.

(ECF No. 102, James Mathison Decl. ¶¶ 5-10.) Counsel submits good cause exists for an extension nunc pro tunc to September 9, 2015, regarding the service of filing disclosures of Mr. Adams.

**Ruling:** Plaintiff's motion in limine for exclusion of expert William Adams is GRANTED, and Defendants' motion for an extension of time nunc pro tunc is DENIED because Defendants were required to disclose the expert witness testimony at least 90 days prior to the trial date (Fed. R. Civ. P. 26(2)(D)), and there is no good cause to excuse Defendants failure to do so in this instance.

7. <u>Defense Examination of all Listed Witnesses</u>

Plaintiff seeks the Court order Defendants' counsel to "bring to the stand at trial all of his listed witnesses."

Defendants submit that this request is improper as Plaintiff cannot make demands as to what witnesses or evidence Defendants present in their case in chief, and this request is improper as a motion in limine. Defendants further submit that there is no requirement for Defendants' counsel to call all of Defendants' listed witnesses to testify at trial. Defendants attest that they will make a good faith effort to list in their final witness list only those witnesses they anticipate calling at trial, in accordance with the Court's directives in the pretrial order. However, Defendants do not know with certainty how matters will develop at trial or what evidence will be presented by Plaintiff in his case in chief. Thus, it may happen that not all of the witnesses on Defendants' final witness list are actually called to testify.

**Ruling:** Plaintiff's motion is limine is DENIED as parties have the right to call the witnesses they deem necessary.

8. <u>Juror Challenges for Cause at Sidebar</u>

Plaintiff requests to make juror challenges for cause at sidebar.

Defendants leave this matter to the Court's discretion.

**Ruling:** Plaintiff's motion is GRANTED, as the Court's standard procedure is to conduct a sidebar conference to resolve jurors excusal for cause.

9. <u>Exclusion of Trial Witnesses from Courtroom</u>

Plaintiff requests the Court exclude all trial witnesses from the courtroom, except while testifying.

Federal Rule of Evidence 615(b) requires the Court, at a party's request, to order witnesses excluded so that they cannot hear other witnesses' testimony. However, this rule does not authorize excluding a party from hearing another witnesses' testimony. Fed. R. Evid. 615(b).

**Ruling:** Plaintiff's motion is GRANTED to the extent all non-party witnesses will be excluded from the courtroom during testimony by other witnesses; however, Defendants may remain in the courtroom at all times during the trial.

10. <u>Advisements to Witnesses of Prior Court Rulings</u>

Plaintiff seeks the Court to order the Deputy Attorney General to advise the witnesses, particularly correctional officers of the court's rulings regarding the motions in limine and pending evidentiary matters not yet ruled on by the Court.

Defendants oppose Plaintiff's motion and submit that most of the issues raised by Plaintiff's motions in limine do not relate to witness testimony, so that there is no reason that the witnesses need be informed of the in limine rulings. To the extent any motion in limine is granted pertaining to witness testimony, and advisory to witnesses regarding the ruling should be addressed in the context of ruling on that particular motion in limine. Defendants are unaware of what Plaintiff refers to as "pending evidentiary matters not yet heard by the Court," and Plaintiff does not identify them.

**Ruling:** Plaintiff's motion is GRANTED.

11. <u>Enforcement of Motions in Limine Rulings</u>

Plaintiff requests that the rulings on the motions in limine remain in force through trial.

Defendants do not oppose this request.

**Ruling:** Plaintiff's motion is GRANTED as this is the standard practice of the trial proceedings.

///

///

///

**B.     Defendants' Motions in Limine**

1.     <u>Exclusion of Testimony by Plaintiff Regarding Medical Opinion</u>

Defendants move to preclude Plaintiff from introducing any opinion evidence regarding medical opinions or inferences as to the nature and extent of his alleged injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

**Ruling:** Defendants' motion in limine is GRANTED, Plaintiff may testify as to what he experienced as a result of the August 28, 2009 incident; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records.

## II.

## PLAINTIFF'S MOTIONS

**A.     Plaintiff's Motion to Admit Additional Exhibits**

Plaintiff seeks to modify the pretrial order to include three additional exhibits to prevent "manifest injustice."

1.     <u>Crime Report Written by Defendant Renee Duran</u>

Plaintiff contends this "incident report is the Defendant's own words written by him after the incident without the exhibit I will not be able to know what the defendant said how the incident happened."

2.     <u>Crime Report Written by I. Sanchez</u>

Plaintiff contends that Mr. Sanchez was with Defendant Howard Smith, and Mr. Sanchez's "incident report explains what he saw no more than one minute after the incident started.  Plaintiff

needs the report to prove an element of my case that defendant O'hanneson was trying to break my arms. [A]lso the report shows that defendant Smith did not have to get involved."

        3.        <u>Handwritten Notes Written by Lieutenant Jeffreys</u>

Plaintiff contends this exhibit is the "back bone of my case! It is the handwritten notes taken by Lieutenant Jeffreys whom investigated the incident and wrote down the words of the officer I claimed told me to get a pass from my floor officers to bring my T.V. out.  [T]he officer admits this in the notes but without the notes as an exhibit that officer on the stand will claim he don't recall what he said an [sic] my case will be lost."

**Ruling:** Plaintiff's motion to add these exhibits to his exhibit list is DENIED because there is no good cause for Plaintiff's failure to previously list these exists in his pretrial statement.

    **B.**    **Plaintiff's Motion for Records Pursuant to Federal Rule of Evidence 404(b)**

Plaintiff has also filed a motion for records under Federal Rule of Evidence 404(b).  (ECF No. 94.)  Defendants oppose Plaintiff's motion on the ground that discovery closed over a year ago and there is no excuse as to why the motion should be granted.

Plaintiff contends that Defendants Ohanneson, Duran and Smith have prior records for assaulting prisoners and placing prisoners in administrative segregation by writing rules violation reports for aggravated battery on peace officer and resisting.  According to Plaintiff, Defendants prior assaults show hostility to prisoners or intent to harm prisoners then intentionally covering up their actions.  Plaintiff argues such evidence is admissible under Rule 404(b) to show proof of motive, opportunity, plan, knowledge, identity, and absence of mistake or accident.

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is inadmissible to prove character or criminal propensity but is admissible for other purposes, such as proof of intent, plan, or knowledge.  Fed. R. Evid. 404(b).  Moreover, evidence of other events may not be introduced to prove the person acted in conformity with his bad character trait on a particular occasion.  Fed. R. Evid. 404(b)(1).  If "other acts" evidence is offered for a permissible purpose, Rule 404(b) requires that the trial judge balance the probative value of the evidence against its prejudicial effect.

Notwithstanding the fact that Plaintiff does not identify or submit actual documentation relating to his request, Plaintiff has not shown that such evidence would be admissible under Rule

9

404(b), and discovery in this action closed over a year ago. Plaintiff has not shown evidence that Defendants, or some of them, have been involved in other incidents of force or issuance of rules violation reports meeting the foundational requirement outlined by Rule 404(b)(1). Therefore, Plaintiff's present motion to submit such unidentified evidence is DENIED.

### C. Plaintiff's Oral Motion Regarding Examination of Defendants

At the hearing, Plaintiff made an oral request to treat Defendants as hostile witness during his examination.

Federal Rule of Evidence 611 allows the trial court to permit leading questions on direct examination if a party calls a hostile witness, an adverse party, or a witness identified with an adverse party. Fed. R. Evid. 611(c)(2).

**Ruling:** Plaintiff's motion is GRANTED, and Plaintiff is allowed to examine Defendants pursuant to Rule 611(c) because they are adverse parties.

IT IS SO ORDERED.

Dated:   **October 13, 2015**

UNITED STATES MAGISTRATE JUDGE